OPINION
This matter presents a timely appeal from a judgment rendered by the Columbiana County Common Pleas Court classifying defendant—appellant, Robert Ingledue, as a "sexual predator," thereby requiring him to register in accordance with R.C. 2950.03.
Appellant was convicted of a number of charges in three separate indictments including one count of rape, in violation of R.C. 2907.02(A)(1), and six counts of gross sexual imposition, in violation of R.C. 2907.05(A)(3). Appellant was sentenced to serve an indefinite incarceration term of not less than nine years, nor more than twenty-five years for these convictions.
The Ohio Department of Rehabilitation and Correction recommended that appellant be classified as a sexual predator. The trial court conducted a hearing pursuant to R.C. 2950.09 to determine whether appellant was a sexual predator. The trial court found appellant to be a sexual predator, and further held that he was subject to the notification requirements of R.C.2950.03. This appeal followed.
 Appellant sets forth two assignments of error on appeal.
Appellant's first assignment of error alleges:
 "THE TRIAL COURT ERRED IN FINDING ORC 2950.01 ET SEQ. CONSTITUTIONAL AS APPLIED TO DEFENDANT-APPELLANT, WHO WAS CONVICTED AND SENTENCED PRIOR TO JULY 1, 1997."
Under appellant's first assignment of error, he raises four issues for this court's review. The first issue reads:
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE PROHIBITIONS AGAINST EX POST FACTO LAWS AND/OR RETROACTIVE LAWS FOUND IN THE UNITED STATES AND OHIO CONSTITUTIONS."
Appellant argues that a statute which brands a person constitutes a punishment. Appellant further argues that a statute which increases the punishment for a crime after it is committed is an ex post facto law and as such, is prohibited. Collins v.Youngblood (1990), 497 U.S. 37. Appellant also cites State v.Cook (August 7, 1997), Allen App. No. 1-97-21, unreported, wherein the court found the statute to be unconstitutional on similar grounds.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court reviewed the appellate court's decision and determined that R.C. 2950.01 et seq., did not violate the retroactivity clause of the Ohio Constitution, nor did it violate the ex post facto
clause of the United States Constitution. In so finding, the Ohio Supreme Court reversed the appellate decision and reinstated the trial court's decision to classify the defendant as a sexual predator.
This court specifically adopted the Ohio Supreme Court's holding in Cook in three previous decisions, State v. Clay (June 1, 1999), Columbiana App. No. 97 CO 58, unreported, State v.Woodburn (Mar. 23, 1999), Columbiana App. No. 98 CO 6, unreported, and State v. Goodballet (Mar. 30, 1999), Columbiana App. No. 98 CO 15, unreported. Based upon these holdings, R.C.2950.01 et seq., does not violate the retroactivity clause of the Ohio Constitution nor the ex post facto clause of the United States Constitution.
Appellant's first issue is found to be without merit.
Appellant's second issue reads:
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE DOUBLE JEOPARDY PROVISION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE COMPARABLE GUARANTEE OF THE OHIO CONSTITUTION."
Appellant argues that the statute in question punishes those labeled under the statute a second time, thereby violating the double jeopardy clause.
This court has similarly disposed of this issue in Clay, supra,Woodburn, supra, and Goodballet, supra, finding that the statute at issue does not subject a defendant to double jeopardy. Based upon these previous decisions, R.C. 2950.01 et seq., does not violate the double jeopardy clause of the United States and Ohio Constitutions.
 Appellant's second issue is found to be without merit.
Appellant's third issue reads:
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE COMPARABLE GUARANTEE OF ARTICLE I, SECTION 2, OF THE OHIO CONSTITUTION."
This court has previously addressed this issue in Clay, supra,
and Woodburn, supra, wherein this court found that the statute in question does not violate the equal protection clause.
Appellant's third issue is found to be without merit.
Appellant's forth issue reads:
 "WHETHER THE PROVISIONS OF ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, ARE UNCONSTITUTIONALLY VAGUE AS TO DEFINITIONS, PROCEDURE, METHOD OF DISCOVERY, ALLOCATION OF BURDEN OF PROOF, AND LACK OF CLEAR AND EXPLICIT STANDARDS, SUCH THAT APPELLANT COULD HAVE NO REASONABLE MEANS OF DEFENDING HIMSELF AGAINST SUCH A CHARGE, NOR IS THE COURT GIVEN ADEQUATE GUIDANCE FOR MAKING ITS DETERMINATION, THUS DENYING DUE PROCESS."
Appellant argues that R.C. 2950.01 et seq., is vague as applied to him because it requires clear and convincing evidence that the offender is likely to engage in sexually oriented offenses in the future, while failing to establish minimal scientific standards as guidance for the trial court's ultimate decision.
This issue is the same as that in Woodburn, supra, wherein this court found that the appellant did not meet his burden of proof by presenting clear and convincing evidence of currently existing facts which make the statute void and unconstitutional as applied to him. Here, as in Woodhurn, supra, appellant has challenged R.C. 2950.01 et seq., as applied, but has failed to present clear and convincing evidence of currently existing facts which demonstrate that the statute is void and unconstitutional as applied. As in Woodburn, supra, appellant has further complained that the statute failed to specify the discovery rules, but appellant has failed to indicate how he was prejudiced. Furthermore, in Woodburn, supra, this court found that the statute provides factors which a trial court must use during its proceedings and, thus, was not unconstitutionally vague.
Appellant's fourth issue is found to be without merit.
Since this court has disposed of all of appellant's issues in its previous decisions, we reiterate that R.C. 2950.01 et seq. is not unconstitutional.
Appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED IN DESIGNATING THE DEFENDANT-APPELLANT A SEXUAL PREDATOR AS THE STATE FAILED TO MEET ITS BURDEN OF PROVING SUCH BY CLEAR AND CONVINCING EVIDENCE, AND IN FACT PRODUCED NO EVIDENCE BEYOND THE ORIGINAL RECORDS OF THE CONVICTION."
Appellant argues that there was insufficient evidence before the trial court to establish by clear and convincing evidence that appellant was likely to commit a sexually oriented offense in the future. Appellant alleges that his conduct as established in 1987 does not accurately reflect his present state of mind and does not support a likelihood that he will repeat the sexually oriented offenses in the future. Appellant further contends that the arguments advanced by the prosecution and its reliance upon the trial record are impermissible as hearsay and not admissible during sexual predator hearings.
In Cook, supra, the Ohio Supreme Court held that the Ohio Rules of Evidence do not strictly apply in sexual predator hearings. Therefore, the trial court could use reliable hearsay, such as a pre-sentence investigation report, to support its finding. Furthermore, this court has addressed the issue at bar inWoodburn, supra, wherein we found that there are specific criteria which a trial court must consider before labeling a person a sexual predator. Here, as in Woodburn, supra, the trial court considered the factors as listed in R.C. 2950.09(B)(2). This consideration included the victims' ages, where the trial court recognized that the victims were all minors with the youngest victim being five-years-old. (Tr. 3). The trial court also considered the fact that it was a seven-year-old boy who was raped by appellant. (Tr. 3). Furthermore, the trial court considered the pre-sentence investigation reports which it had requested be prepared in two of the three offenses. (Tr. 4)
Appellant did not offer evidence or testimony to refute any belief that he would be likely to commit a sexually oriented offense in the future. This situation is exactly the same as that presented to this court in Woodburn, supra. In Woodburn, supra,
this court found that the overwhelming, uncontroverted evidence demonstrated that there was clear and convincing evidence for the trial court to determine that the defendant was likely to commit a future sexually oriented offense. Similarly in the present case, there was clear and convincing evidence upon which to support the trial court's finding that appellant was likely to commit a future sexually oriented offense. Therefore, the trial court did not err in labeling appellant a sexual predator.
Appellant's second assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, J., concurs.
Vukovich, J., concurs.
APPROVED: EDWARD A. COX, PRESIDING JUDGE.